## NATIONAL LABOR RELATIONS BOARD v. FAIRCHILD ENGINE & AIRPLANE CORPORATION.

### No. 5033.

Circuit Court of Appeals, Fourth Circuit.

Oct. 17, 1944.

Winthrop A. Johns, Atty., National Labor Relations Board, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, and Malcolm F. Halliday, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., on the brief), for petitioner.

William P. Lane, Jr., of Hagerstown, Md. (Lane, Bushong & Byron, of Hagerstown, Md., on the brief), for respondent.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

### PER CURIAM.

The sole question for decision is whether, under the circumstances of the case, the National Labor Relations Board acted within its authority in directing the Fairchild Engine & Airplane Corporation to offer reinstatement to James B. Cole, a carpenter who had been previously employed in its Hagerstown plant, and had been discharged. At an earlier hearing of the case in this court, we disposed of other questions and the employer announced its willingness to comply also with the order of the Board as it related to Cole, provided it should be found upon examination by competent medical authority that he was mentally capable of working in an airplane factory devoted to war purposes, and was not mentally unstable and unfit, as the employer believed him to be. The evidence in the record seemed to us to justify such an examination, and we therefore adjudged that the order of the Board be enforced in the other particulars and that the Board should take additional evidence for the purpose of determining whether Cole was fit for the type of employment in which he had been engaged.

It was subsequently arranged between the parties to the case that Cole should be submitted to the Phipps Psychiatric Clinic of the Johns Hopkins Hospital in Baltimore for examination. Accordingly Cole was there examined by an expert in mental diseases who was furnished with all the facts in the case, and reached the conclusion that it would be unwise, from the standpoint of Cole's mental health and from the standpoint of his employer, if he should be reinstated. This finding was not satisfactory to representatives of the Board and without notice to the employer or its attorney, they sought the advice of another expert in mental diseases, who was connected with the University of Maryland. This physician also made an examination of Cole. The Board purposely withheld any information as to the past history of Cole, and the physician accepted as true Cole's recital of his work record, including his experiences at the Fairchild and other industrial plants. Cole stated that in each instance he kept his position as long as he desired or as long as the job was open. The physician concluded that Cole was possessed of the average intelligence of a person of his class, and that there were no medical facts which made his reemployment inadvisable.

The case was then set for hearing before a trial examiner and both physicians were examined as witnesses, each persisting in the opinion previously expressed, the second expert having in the meantime read the prior proceedings before the Board and in

this court. The cross examination of this expert showed that in forming his opinion he had assumed the truth of Cole's statement that he had had no trouble in other employment and had not been elsewhere discharged. The employer then produced as a witness the personnel manager and superintendent of another manufacturing plant in Hagerstown who testified that he had discharged Cole upon the report of his foreman that Cole had no respect for his superiors and had cursed and abused his fellow workmen. The witness was permitted to testify as to the fact of discharge, but was not allowed to give the reasons therefor since his testimony showed that he had no personal knowledge of the facts but had relied upon the foreman's report.

The attorney for the company, relying upon the practice of the Board to receive hearsay testimony, had not brought the foreman to the hearing to testify; but as the hour was then 6:20 P. M. and the time for adjournment had arrived, the attorney offered to produce the foreman as a witness on the following day. The trial examiner refused to extend the hearing for this purpose and the Board upheld the ruling. In our opinion, this action was arbitrary and unreasonable, since it denied the employer a fair opportunity to present important evidence relevant to its defense. The proffered testimony went to the very heart of the case for the Board's order of reinstatement is grounded on the testimony of the physician who had taken a favorable view of Cole's mentality and this testimony was based in large part upon Cole's account of his past work record outside the Fairchild plant, which the rejected testimony would have shown to be untrue.

While we think that the evidence offered should have been received and considered by the Board, we are bound by the decision of the Supreme Court in Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 226, 59 S.Ct. 206, 83 L.Ed. 126, where, in a similar situation, the court held that an employer should have applied to the court under Section 10(e, f) of the National Labor Relations Act, 29 U.S.C.A. § 160 (e, f), for leave to take additional testimony that the Board had arbitrarily refused to accept; and since the employer had not made use of this remedy, the action of the Board should stand.

The order of the Board in the pending case will therefore be enforced.